**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                          No. 96-4292

MARCUS CLAY HALL,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
Jackson L. Kiser, Senior District Judge.
(CR-95-89-D)

Submitted: June 17, 1997

Decided: July 3, 1997

Before WIDENER and MURNAGHAN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Bruce A. Flora, Boones Mill, Virginia, for Appellant. Robert P.
Crouch, Jr., United States Attorney, Anthony P. Giorno, Assistant
United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Marcus Clay Hall pled guilty to conspiracy to possess cocaine with intent to distribute, 21 U.S.C. § 846 (1994), and was sentenced to 75 months imprisonment. He maintains on appeal that the district court abused its discretion in denying his motion to withdraw his plea at the sentencing hearing. We affirm.

Before accepting Hall's plea, the district court made the complete inquiry required by Fed. R. Crim. P. 11 to determine whether his plea was voluntary. The district court did not explicitly accept the plea agreement or defer acceptance of it at the Rule 11 hearing. The sentencing guidelines provide that the court should defer its decision to accept or reject a plea agreement until after the presentence report has been reviewed. United States Sentencing Commission, <u>Guidelines Manual</u>, § 6B1.1(c), p.s. (Nov. 1995). Therefore, we conclude that acceptance of the agreement was deferred.

Three months later, on the day he was sentenced, Hall moved to withdraw his plea. He informed the court that he had not had time to fully consider the plea agreement before signing it. We review the district court's decision for an abuse of discretion. <u>See United States v. Puckett</u>, 61 F.3d 1092, 1099 (4th Cir. 1995). A defendant must present a "fair and just reason" under Fed. R. Crim. P. 32(e), even when acceptance of his plea agreement has been deferred. <u>See United States v. Hyde</u>, ___ U.S. ___, 1997 WL 273691 (U.S. May 27, 1997) (No. 96-667). The factors to be considered in determining whether a defendant has shown a "fair and just reason" are set out in <u>United States v. Moore</u>, 931 F.2d 245, 248 (4th Cir. 1991).

Here, Hall offered no fair and just reason for withdrawal of his plea. There was a three-month delay between the entry of the plea and his request to withdraw it. He had the assistance of competent counsel. He did not assert his innocence. To the extent that he asserted that his plea had been involuntary or unknowing, his representation was undercut by the answers he gave during the plea colloquy. Further, the government would have been prejudiced by having to prepare for

trial again. We therefore find that the district court did not abuse its discretion in denying Hall's motion.

Accordingly, we affirm Hall's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3